

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2008

# Tjoeng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1349

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tjoeng v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1219.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1219

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1349

_____

JIMMY SANJAYA TJOENG
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-203-427)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2008

Before: SLOVITER, STAPLETON and COWEN, <u>Circuit Judges</u>

(Opinion filed: May 15, 2008)

_____

OPINION

_____

PER CURIAM

        Jimmy Sanjaya Tjoeng, a native and citizen of Indonesia, petitions for review of a

final order of the Board of Immigration Appeals ("BIA").  For the following reasons, we

will deny the petition for review.

Tjoeng entered the United States in September 7, 2001, on a non-immigrant visa. He overstayed the visa, and on April 6, 2003, he was issued a notice to appear to respond to the charge that he was removable under 8 U.S.C. § 1227(a)(1)(B). Tjoeng conceded removability, but applied for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"),[1] and voluntary departure. His claims for relief were based on persecution that he allegedly suffered as an ethnic-Chinese Christian in Indonesia.

On August 12, 2005, the Immigration Judge ("IJ") denied all relief except for voluntary departure. The IJ denied Tjoeng's asylum application as untimely under 8 U.S.C. § 1158(a)(2)(D), and found that he would not be entitled for relief even if it were timely. The IJ made a "mixed credibility" finding, stating that he believed that Tjoeng was an ethnic-Chinese Christian and that some of the incidents he complained of may have happened, but that he did not testify credibly as to the central event of his claim—the purported looting and destruction of his business. Morever, the IJ determined that even if Tjoeng's story were true, the incidents complained of did not rise to the level of past persecution, and that he did not demonstrate that it was clearly probable that he

---

[1] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, 8 U.S.C. § 1231.

would be persecuted if returned to Indonesia, as required for withholding of removal. The IJ further found that Tjoeng had not satisfied the requirements under the CAT.

Tjoeng timely appealed to the BIA. However, his brief did not address the IJ's timeliness determination, and the only reference to credibility was his statement that "if [he] is determined credible, . . . []he should have no problem establishing the objective prong of the persecution test." The focus of Tjoeng's argument was that he had demonstrated past persecution and a fear of future persecution. The BIA dismissed Tjoeng's appeal because he failed to challenge the bases of the IJ's decision (timeliness and credibility), and because his "arguments on appeal fail[ed] to establish error in the Immigration Judge's decision."

Tjoeng now files a petition for review, which the government opposes.

## II.

We have jurisdiction to review a final order of removal of the BIA under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). Here, we review both the IJ's and BIA's decisions. See Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). The BIA's and IJ's factual findings are reviewed for substantial evidence, and we review the legal conclusions de novo subject to the principles of deference articulated in Chevron U.S.A., Inc. v. Natural Resources Defense Council Inc., 467 U.S. 837, 844 (1984). Briseno-Flores v. Attorney Gen., 492 F.3d 226, 228 (3d Cir. 2007).

The government asserts that we do not have jurisdiction to consider the IJ's

3

credibility finding because Tjoeng did not exhaust his administrative remedies. We agree. A petitioner must exhaust all administrative remedies available to him as of right before the BIA as a prerequisite to raising a claim before this Court. 8 U.S.C. § 1252(d)(1); Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005). After reviewing Tjoeng's appeal to the BIA, we conclude that his statement that "if he is determined credible" he will be able to "establish[] the objective prong of the persecution test," is insufficient to satisfy the exhaustion requirement. See Joseph v. Attorney Gen., 465 F.3d 123, 126 (3d Cir. 2006) (noting that the "liberal exhaustion policy" was not fulfilled when the petitioner did not alert the BIA to an issue he wished to appeal). Accordingly, we lack jurisdiction to review this issue.[2]

Second, to the extent that Tjoeng challenges the decision that he did not meet the standard for withholding of removal, he has fallen decidedly short in demonstrating that the decision was not supported by substantial evidence. See 8 U.S.C. § 1252(b)(4)(B). An applicant can establish eligibility for withholding of removal either by: (1) creating a rebuttable presumption of future persecution by demonstrating past persecution, or (2) showing that it is more likely than not that he will suffer future persecution. 8 C.F.R. §

---

[2]   Tjoeng also did not request that the BIA consider the IJ's denial of his asylum application as untimely, and he has thus waived appellate review of that issue. See Joseph, 465 F.3d at 126. We note that even if Tjoeng had exhausted his administrative remedies as to the untimeliness finding, we lack jurisdiction to review that issue. See 8 U.S.C. § 1158(a)(3); Kaita v. Attorney Gen., ---- F.3d ----, 2008 WL 879052, at *6 (3d Cir. Apr. 3, 2008).

1208.16(b); see 8 U.S.C. § 1101(a)(42)(A). Because the IJ found that, even if true, Tjoeng's story did not demonstrate past persecution, he was required to show a clear probability that he would be persecuted either by being singled out individually or because of a "pattern or practice of persecution" of ethnic-Chinese Christians in Indonesia. See 8 C.F.R. § 1208.16(b)(1), (2); Gambashidze v. Ashcroft, 381 F.3d 187, 191 (3d Cir. 2004).

Tjoeng's argument in support of his assertion that the IJ's denial of his application for withholding of removal was made without substantial evidence consists of a statement that "through his testimony," he "clearly established the subjective prong of the fear of persecution test." However, "unlike asylum, withholding of removal does not require . . . that the petitioner have a subjective fear of persecution;" rather, he must "only demonstrate a 'clear probability' of persecution if returned to his home country." Zhang v. Gonzales, 432 F.3d 339, 344 (5th Cir. 2005); see also Guo v. Ashcroft, 386 F.3d 556, 561 n.4 (3d Cir. 2004). Thus, Tjoeng's argument in support of his assertion that the IJ's decision was incorrect is entirely inadequate because he fails to challenge the IJ's findings that he did not suffer past persecution and that he did not demonstrate that it is clearly probable that he will be persecuted if he returns to Indonesia.

For these reasons, and after careful consideration of the record and the parties' contentions, we will deny Tjoeng's petition for review.